UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY L. McGLONE,
Plaintiff

Case No. 1:09-cv-409

vs

OHIO DEPT. OF REHABILITATION
AND CORRECTION, et al.,
Defendants

ORDER
(Barrett, J.)

Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction, the Ross Correctional Camp, the Ross Correctional Institution, the Chillicothe Correctional Institution, and the Oakwood Institution alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197 (2007) (citations omitted), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff's complaint is difficult to decipher. As best the Court can discern, plaintiff alleges that while he was an inmate at the Ross Correctional Camp between January 2003 to April 2006, he was given a poison called Jimson seed by another inmate at the direction of a corrections officer who "did not care" for him. Plaintiff was placed in the "hole" and corrections officers allegedly had other inmates attempt to assault him. He was then transferred to the Ross Correctional Institution and place in the "hole." He states that he was under a lot of stress and "going out of [his] mind" so he knocked out a cell window. He was then taken to the medical department and later transferred to the Oakwood Institution where he was strapped down and given no food. He was diagnosed with bi-polar disorder and given medication. He remained at Oakwood for forty-five days, then transferred to the Chillicothe Correctional Institution. Plaintiff alleges he suffers physical and mental injuries from the medication he was given. Plaintiff seeks "relief for [his] pain, suffering, mental illness, and medical bills." (Complaint at 6). His civil cover sheet indicates he is seeking four billion dollars in damages.

Plaintiff's complaint against the Ohio Department of Rehabilitation and Correction must be dismissed because the Department, as an arm of the State, is immune from damages claims under the Eleventh Amendment. *See Turker v. Ohio Dept. of Rehabilitation and Corrections,* 157 F.3d 453 (6th Cir. 1998). *See also Foulks v. Ohio Department of Rehabilitation and Correction,* 713 F.2d 1229, 1232-34 (6th Cir. 1983). Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of*

*Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976), *cert. denied*, 430 U.S. 946 (1977); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-43, 345 (1979). Accordingly, the complaint against the Ohio Department of Rehabilitation and Correction is dismissed.

Plaintiff's claims against the Ross Correctional Camp, the Ross Correctional Institution, the Chillicothe Correctional Institution, and the Oakwood Institution must also be dismissed. These institutional defendants are agencies of the State of Ohio and are absolutely immune from suit under the Eleventh Amendment. *See Collins v. Ohio Dept. of Rehabilitation and Correction*, No. 1:07-cv-557, 2007 WL 2769592, at *2 (S.D. Ohio Sept. 18, 2007); *Davidson v. Southeastern Correctional Institution*, No. 2:02-cv-374, 2002 WL 31951266, at *2 (S.D. Ohio Dec. 12, 2002).

Finally, plaintiff's complaint is barred by the two year statute of limitations applicable to prisoner civil rights actions. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). *See*

4

*also Jones v. Bock*, 549 U.S. 199, 215(2007) (stating that if the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" (citing Fed. Rule Civ. Proc. 8(c)); *Watson v. Wayne County*, 90 Fed. Appx. 814, 815 (6th Cir. 2004) ( "If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte.").

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal because it seeks relief from defendants who are immune from such relief and on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: June 10, 2009

Michael R. Barrett, Judge
United States District Court